IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MELLODEE A. FILLPOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 07-0280-CV-W-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance and widow's benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

1

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

Discussion

Plaintiff, at the time of the hearing before the ALJ, was a 51-year-old female whose last employment was as a dietary aide in a hospital.

Plaintiff's testimony regarding her restrictions and supporting testimony from a friend who lives on her property, Leslie Carter, Sr., are summarized by the ALJ on Page 3 of his opinion and reported at Page 24 of the transcript. The findings of the ALJ are found at Page 10 of his opinion and reported on Page 31 of the transcript.

The ALJ discounted plaintiff's testimony because she has sought limited treatment for her various conditions and, in fact, has failed to complete any consistent physical therapy, pain management or epidural injections. There were no visible signs of discomfort at the hearing. Her work record was inconsistent with her testimony. She alleged an inability to work due to memory loss following a May 2001 motor vehicle accident. However, she was employed in 2002 and 2003. No evidence of memory loss was observed during the hearing.

Plaintiff also alleged a hearing loss. The extent of her described limitation is not consistent with the findings of D. E. Parkison, M.D. Finally, the ALJ considered the report of Timothy Sprenkle, D.O, who performed a consultative examination of plaintiff on July 19, 2004. In that report, Dr. Sprenkle noted that plaintiff exhibited poor effort with squeezing or strength testing [Tr. 154].

Plaintiff asserts that the ALJ erred because his findings were not based on substantial evidence in the record as a whole, and that he erred in discrediting plaintiff's subjective complaints of pain due to inconsistencies under the Polaski test. Specifically, plaintiff contends that the ALJ improperly discounted the opinions of Dr. Sprenkle when making the Residual

3

Functional Capacity (RFC) determination. As a result, plaintiff further contends that the RFC determination is not supported by substantial evidence, and that the hypothetical question posed to the occupational expert failed to include Dr. Sprenkle's findings. Finally, plaintiff contends that the ALJ failed to develop the record by requiring a follow-up examination of plaintiff per Dr. Sprenkle's recommendation.

Having fully reviewed the record, this Court is of the opinion that there is inadequate objective medical evidence to support level of impairment alleged by plaintiff. The plaintiff alleges error for the failure of the ALJ to consider the findings of Dr. Sprenkle with regard to the Residual Functional Capacity. It is correctly noted, however, that those findings are not supported by the record as a whole and are further diluted by the plaintiff's lack of effort. The plaintiff's failure to maintain a regimen of treatment further supports the ALJ's findings.

The plaintiff's allegation that the record has not been fully developed is not supported by the record. Plaintiff's argument is based on Dr. Sprenkle's recommendation that she receive further work-up, including physical therapy, bone density study, CT of the lumbar spine and further evaluation of her hearing deficit [Tr. 155]. The record in this matter consists of over 1300 pages , many of which are medical records. There is no showing that the follow-up would alter the findings already made. Doctor Sprenkle's opinions have also been questioned due to plaintiff's lack of effort.

Regarding the credibility determination, there is substantial evidence in the record to support the ALJ's finding. The Court believes that the ALJ adequately addressed the Polaski factors in discrediting some of plaintiff's subjective complaints. The ALJ detailed the reasons for discrediting plaintiff's testimony, and adequately discussed the factors set forth in Polaski.

Therefore, the Court finds that the ALJ relied on substantial, relevant and supporting evidence in explaining his reasons for discrediting plaintiff's complaints. Ghant v. Bowen, 930 F.2d 633, 637 (8th Cir. 1991).

Further, the law is clear that a hypothetical posed to a vocational expert is proper if it sets forth the impairments that the ALJ accepts as true. Hayes v. Chater, 73 F.3d 769, 771 (8th Cir. 1996). It is admitted in this case that the ALJ did not include the limitation of jobs that require working overhead with the non-dominant arm in his hypothetical. The Court finds, however, that error is harmless because none of the jobs identified by the vocational expert defied that limitation. Accordingly, the Court finds that plaintiff's contentions regarding the ALJ having erred regarding the hypothetical posed to the vocational expert are without merit.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, Clark v. Sullivan, 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet his burden of proving that he has an impairment that precludes him from engaging in substantial gainful activity. The ALJ's findings that plaintiff are supported in the record as a whole. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

      /s/ James C. England
    JAMES C. ENGLAND, Chief
    United States Magistrate Judge

Date: May 28, 2008